CHARLIE MILLS v. THE STATE.

No. 5854.   Decided October 13, 1920.

1.—Misdemeanor Theft—Recognizance—Practice on Appeal.

Where the appeal was dismissed because of a defective recognizance, but a certified copy of a sufficient recognizance, filed in the court below, accompanied the appellant's motion to reinstate the appeal, said motion is granted.

2.—Same—Requested Charge—Want of Fraudulent Intent.

Where, upon trial of misdemeanor theft the special instruction on the part of the State was too restrictive with reference to the intent of the accused, the facts showing that defendant had a right to take the alleged property by consent of the owner, regardless of whether the minds of the parties completely agreed upon the price, which said requested charge demanded of the jury, the same was reversible error, especially where the requested charge of defendant was refused on this phase of the case.

3.—Same—Civil Liability—Insufficiency of the Evidence.

The enforcement under civil liability should never be aided by a criminal prosecution; and if the relation of debtor and creditor existed between the parties, no resort should have been had to the criminal courts, and it is to be seriously doubted as to whether any theft was committed in the instant case.

Appeal from the County Court of Rains.   Tried below before the Honorable H. D. Garrett.

Appeal from a conviction of misdemeanor theft; penalty, a fine of ten dollars and five days in the county jail.

The opinion states the case.

*W. R. Berzett,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Rains County, Texas, of the offense of theft of property under the value of $50.

The Assistant Attorney General has filed a motion to dismiss this appeal, for the want of a sufficient recognizance. An inspection of the record convinces us of the correctness of the position taken. There is no recognizance, such as is required by Article 919 of our C. C. P., found in the record.

The appeal will be dismissed.

*Dismissed.*

ON MOTION TO REINSTATE.

October 13, 1920.

LATTIMORE, JUDGE.—Appellant has filed his motion to reinstate this cause, accompanying the same with a certified copy of a sufficient recognizance. The motion is granted.

Considering the case on its merits, we observe that one Byrum was a tenant of one Powers, and had sold a remnant of ungathered cotton in a field, to one Ed. Turner. Appellant entered negotiations with Turner to purchase this cotton. This, was admitted. Turner priced same to appellant at $10, and the latter picked out the cotton and sold it, appropriating the proceeds. It does not clearly appear that anything was said between Turner and appellant as to when the purchase price was to be paid. Turner testified that he did not consider that he had sold the cotton to appellant, but stated that on the day he filed this complaint, he went by to see appellant, and would have been satisfied if the latter had paid him $10, and that if appellant had so done, he would not have filed complaint. Turner said he asked appellant what he was going to do about it, and the latter said he "wasn't going to do a darned thing;" and that in consequence he filed the complaint. For himself, appellant swore that Turner fixed a price on the cotton of $10, and that he told Turner he would go and look at it, and that if he decided to take it he would go to picking. He states that he did go and look at the cotton, and himself, with others, picked same openly, and that he sold it in the open market. He admits that he did tell Turner at the time Turner came to see him, that "he was not going to do a darned thing about it," but says that Turner had been going all around the country talking about prosecuting him if he did not pay for the cotton, and that this had made him mad and caused him to make the statement above mentioned. He says he intended to pay Turner for the cotton. Other witnesses testified that they were present when the negotiations were being conducted between the parties relative to the sale of the cotton. Under this condition of the record, the trial court charged

the jury that if appellant bought the cotton, even though the price had not been paid, he would not be guilty of theft; and also, at the instance of the State's attorney, the court gave a special charge to the effect that there was no sale of the cotton unless the minds of the parties met and they completely agreed both as to price and terms. Appellant asked several special instructions to the effect that if he believed the cotton to be his at the time he appropriated it, he would not be guilty, and also to the effect that if appellant picked and disposed of the cotton, believing that he had the right so to do, he would not be guilty. These charges were refused.

We are inclined to think the special instruction given was too restrictive, and that the substance of the charges mentioned as refused, should have been given. The strict rules of civil contracts are not to be literally applied to the administration of criminal law. The question in a case such as this is, what was the intent of the accused when he appropriated the property? And if the jury conclude that he believed he had a right to take the same, he should be acquitted of theft, regardless of whether the minds of the parties completely agreed on the price of the cotton and the terms of sale or not.

The enforcement of a civil liability should never be aided by a criminal prosecution. If the relation of debtor and creditor existed between Turner and appellant in regard to this cotton, then no resort should have been had to the criminal courts. Turner testified he knew appellant was picking, or was about to pick, the cotton in question; that he went to see him about it, and that if appellant had paid him $10 he would have been satisfied and would not have prosecuted. A slightly different statement would be to say that if appellant had paid Turner $10, the latter would have regarded the matter as settled and ended. This would make it appear that Turner did not regard the property alleged to have been taken as the matter at issue, but the amount of money which he admits he had offered to take for same. This leaves the matter in serious doubt as to whether any theft was committed.

For the error in giving the charge asked by the State and refusing to give the substance of the special charges mentioned, the case will be reversed and remanded.

*Reversed and remanded.*